Argued September 18, reversed November 14, 1978, petition for review
allowed January 30, 285 Or 73, conviction affirmed May 15, 1979,
286 Or 411, — P2d ——

## STATE OF OREGON, *Respondent,*
### *v.*
## STEVEN JAMES COLE, *Appellant.*
## (No. C 77-08-11096, CA 9650)

586 P2d 386

Gary D. Babcock, Public Defender, Salem, argued
the cause for appellant. With him on the brief was C.
William Rehm, Law Intern, Salem.

[ 199 ]

Melinda L. Bruce, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

GILLETTE, J.

Roberts, J., not participating.

**GILLETTE, J.**

Defendant was indicted for conspiracy to commit armed robbery, ORS 161.450. Trial began on August 29, 1977. A jury was selected and sworn. That evening the trial judge became ill and entered the hospital. A mistrial was declared and the jury discharged under circumstances more fully set out below. Before being retried in September, the defendant moved to dismiss on grounds of former jeopardy. The motion was denied. Defendant was convicted and now appeals the denial of his motion.

The issue in this case is whether the record reflects the kind of "necessity" for the mistrial ruling that will avoid a valid plea of double jeopardy. For the reasons that follow, we hold that it does not and reverse.

■■ The double jeopardy clause of the Fifth Amendment provides that no person shall be twice put in jeopardy for the same offense. There are certain instances, however, when a prior prosecution will not be a bar to a subsequent prosecution: a trial may be terminated prior to the verdict and the defendant subject to retrial if the termination of the trial or declaration of mistrial was prompted by "manifest necessity." *Illinois v. Somerville,* 410 US 458, 93 S Ct 1066, 35 L Ed 2d 425 (1975). The manifest necessity standard has not been rigidly defined nor mechanically applied. Each case must be evaluated on its own facts to determine whether a mistrial is the appropriate remedy. But a mistrial is not a favored remedy. *State v. Embry,* 19 Or App 934, 530 P2d 99 *rev den* (1975). As stated recently by the U.S. Supreme Court,

> "* * * [T]he prosecutor must shoulder the burden of justifying the mistrial if he is to avoid the double jeopardy bar. His burden is a heavy one. The prosecutor must demonstrate 'manifest necessity' for any mistrial declared over the objection of the defendant." *Arizona v. Washington,* 46 US Law Week 4127 (February, 1978.)

The constitutional "manifest necessity" standard has as its functional equivalent ORS 131.525. *See State v.*

*Jalo,* 27 Or App 845, 850, 557 P2d 1359 (1976). ORS 131.525(2)(a) provides:

> "A previous prosecution is not a bar to a subsequent prosecution when the previous prosecution was properly terminated under any of the following circumstances
>
> "* * * * *
>
> "(2) The trial court finds that a termination, other than by judgment of acquittal, is necessary because:
>
> "(a) It is physically impossible to proceed with the trial in conformity with law; * * *."

In *State v. Embry, supra,* we construed the constitutional standard of manifest necessity and its statutory equivalent in ORS 131.525 "to require at the least that a trial not be terminated if any reasonable alternative action is possible under the facts of each case." 19 Or App at 941-42. The question, therefore, is whether in this case the court properly declared a mistrial when the trial judge became ill or whether there may have been other more reasonable alternatives.

The facts are unusual. Jeopardy attached at defendant's first trial when the jury was empaneled and sworn on August 29th. That evening the trial judge was hospitalized for illness. The judge informed his law clerk that he would remain in the hospital for at least two days, possibly longer, and told the clerk to advise the attorneys that a mistrial would be declared and the jury discharged. That same evening, the law clerk spoke to the defense attorney who objected to the declaration of a mistrial and indicated that both he and his client preferred to proceed with the selected jury. The next morning, defendant and his attorney and the deputy district attorney arrived at the courtroom just as the clerk was dismissing the jury.

At the hearing on defendant's motion for dismissal of his second prosecution on double jeopardy grounds, the court found that the original judge acted out of a "manifest necessity" in declaring a mistrial and that there existed a "physical impossibility of proceeding" with the first trial.

■ Defendant insists on appeal that he would have preferred a continuance or a chance to be tried before a new judge with the same jury. The state insists that because the record does not show that either defendant or his attorney attempted to contact the trial judge or the presiding judge to raise objections or offer alternatives, the objection is waived.

■ The state misconstrues the burden of justifying the mistrial. It is not defendant's obligation to offer alternatives. Rather it is the state's burden to demonstrate the "manifest necessity" for a mistrial declared over the objection of the defendant. This burden was not met here. There was no evidence in the record to the effect that less drastic alternatives, as suggested by defendant, were not available. It may well have been, for instance, that another circuit judge would have been available. Or the contrary may be true. But in the complete absence of evidence, the consequences just fall on the party bearing the burden of persuasion. In this case, that party is the state.

We mean no criticism of the original trial judge who acted out of a manifest necessity of his own. We find, however, that on the record made at the jeopardy hearing there was no evidence which would have justified the court's finding of manifest necessity. *Cf. State v. Offet,* 36 Or App —, — P2d — (1978).

Because of our disposition of this issue, we do not address the other questions raised by defendant.

Reversed.